IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TRISICHA HICKS,**                                                Case No. 3:18 CV 1658

      Plaintiff,                                                 Judge Jack Zouhary

      v.                                                        Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.                                         REPORT AND RECOMMENDATION

### INTRODUCTION

This matter is before the Court on the Commissioner's Motion to Dismiss or Alternatively for Summary Judgment filed on October 29, 2018. (Doc. 12). On July 18, 2018, Plaintiff Trisicha Hicks filed a *pro se* Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. 1). This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(1). (Non-document entry dated July 18, 2018). For the reasons below, the Court recommends the Commissioner's motion be granted.

### PROCEDURAL BACKGROUND[1]

Plaintiff filed applications for SSI and DIB in 2015. *See* Doc. 12-2, at 4. On February 7, 2018, an administrative law judge ("ALJ") denied Plaintiff's applications. *See id.* at 17. Plaintiff subsequently requested the Appeals Council review the ALJ's decision. *See* Doc. 12-3. On May

---

1. For the administrative history, the Court relies on the declaration from Cristina Prelle, Acting Chief of Court Case Preparation and Review Branch 3, Office of Appellate Operations, Social Security Administration (Doc. 12-1), as well as the ALJ Decision (Doc. 12-2) and Appeals Council decision (Doc. 12-3).

2, 2018, the Appeals Council denied Plaintiff's request for review. (Doc. 12-3). Within its notice denying review, the Appeals Council provided information regarding filing a civil lawsuit:

> **Time to File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.* at 2.

On July 18, 2018, Plaintiff filed a Complaint against the Commissioner challenging the decision to deny benefits. (Doc. 1, at 1). On October 29, 2018, the Commissioner filed a Motion to Dismiss Untimely Complaint, or, Alternatively, Motion for Summary Judgment. (Doc. 12). Plaintiff did not file a timely response, and on December 6, 2018, the undersigned issued an order directing Plaintiff to file a brief in opposition or otherwise show cause why the case should not be determined solely on the Commissioner's motion. (Doc. 13). On December 18, 2018, Plaintiff filed an opposition. (Doc. 14).

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only

whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.*

## DISCUSSION

In her motion, the Commissioner asserts Plaintiff's complaint should be dismissed or summary judgment granted due to its untimely filing. (Doc. 12, at 3-5). Plaintiff's opposition lists her symptoms and contends she is unable to work. (Doc. 14). For the reasons discussed below, the undersigned recommends the Motion for Summary Judgment be granted.

Preliminarily, the undersigned treats the Commissioner's motion as one for summary judgment, because the Commissioner's motion relies upon matters outside the pleadings, including two exhibits and a declaration (Docs. 12-1 through 12-3). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Courts within this District have reached the same conclusion under analogous circumstances. *See, e.g., Spires v. Comm'r of Soc. Sec Admin..*, 2015 WL 7576011, at *1 (N.D. Ohio); *Salter v. Colvin*, 2014 WL 1280269, at *2 (N.D. Ohio).

The Commissioner contends "Plaintiff did not file her complaint until after the deadline, and, consequently, her civil action is barred by the limitations set forth in 42 U.S.C. § 405(g)." (Doc. 12, at 5). The Commissioner asserts the deadline to file the complaint was July 6, 2018, but Plaintiff did not commence this action until July 18, 2018. (Doc. 12, at 4) (citing Doc. 1).

The Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The corresponding regulation further provides:

> For the purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Therefore, a plaintiff must commence a civil action within 65 days of the Appeals Council's notice, unless she can make a "reasonable showing" of receipt of the notice at a later date. *See Urban v. Comm'r of Soc. Sec.,* 2012 WL 5996378, at *2 (N.D. Ohio); *Spires*, 2015 WL 7576011, at *1.

This 65-day limitation period serves the purpose of moving "cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481. The Sixth Circuit has stressed strict adherence to this 65-day time limit. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 51 (6th Cir. 2008) (affirming dismissal of complaint filed five days late).

The time period in which a plaintiff must file a complaint may be extended upon the showing of good cause to the Appeals Council. 20 C.F.R. §§ 404.982, 416.1482. A plaintiff may also be entitled to equitable tolling of the 65-day limitation period under appropriate circumstances. *Cook*, 480 F.3d at 437. When granting equitable tolling, a court will consider

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, the ALJ's decision became final when the Appeals Council declined further review on May 2, 2018 (Doc. 12-3); *see also* Doc. 12-1, at 3. *See* 20 C.F.R. §§ 404.981, 416.1481 (when Appeals Council denies review, ALJ's decision stands as final decision of the Commissioner). Accordingly, Plaintiff had 65 days from May 2, 2018, or until July 6, 2018, to file her complaint. However, Plaintiff did not do so until July 18, 2018, twelve days after the deadline. (Doc. 1).

Thus, the undersigned finds Plaintiff's complaint is untimely. Plaintiff has presented no dispute as to the expiration date of her 65-days, or as to when she filed her complaint. Plaintiff did not seek an extension of this deadline from the Appeals Council. (Doc. 12-3, at 3). Further, Plaintiff has not made a "reasonable showing" that she received the Appeals Council notice at a later date than the regulatory presumption. *See* 20 C.F.R. § 422.210(c).

Likewise, Plaintiff has not provided any argument for equitable tolling of the 65-day limitation period. *See* Doc. 14. The Appeals Council's May 2, 2018 notice specifically apprised Plaintiff of the filing deadlines. *See* Doc. 12-3, at 2. While twelve days is not a significant delay, the Sixth Circuit has cautioned courts to be "mindful of the fact that there are millions of applicants for Social Security." *Cook*, 480 F.3d at 437.

In conclusion, Plaintiff failed to timely file her complaint, and has provided no basis for an extension of the statutory deadline. Thus, there are no genuine issues of material fact regarding the timing of Plaintiff's complaint and summary judgment is appropriate.

Plaintiff's opposition lists numerous symptoms and alleges an inability to work due to those symptoms. *See* Doc. 14. As explained herein, Plaintiff missed the deadline to challenge through judicial review the ALJ's determination regarding her disability claim for the adjudicated time period. Should Plaintiff believe her conditions have worsened since the time of the ALJ's decision, the appropriate remedy is to file a new disability claim with the Social Security Administration with a later onset date.

### CONCLUSION AND RECOMMENDATION

For the reasons above, the undersigned recommends the Court grant the Commissioner's Motion for Summary Judgment (Doc. 12).

s/James R. Knepp, II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).